### DAVID MARTIN vs. WILLIAM SOLOMON'S Administratrix.

Partners may sue at law, after a settlement and admitted balance.
Such balance may be rectified by subsequent admissions.

THIS was an action of assumpsit on the common counts. The parties had been partners and the question was, whether there had been such a settlement between them and admitted balance, as would sustain the suit at law.

*The Court* left it to the jury, whether there had been sufficient evidence of a final settlement of the partnership accounts, and an admitted balance; which they ruled to be sufficient, without an express promise to pay it. (3 *Com. Law Rep.*, 132; 9 *Ibid*, 366; 13 *Ibid*, 127; 1 *Holt Rep.*, 368; 3 *Com Law Rep.*, 132; 5 *M. & Welsby*, 21; 3 *Pick. Rep.*, 423; 1 *Harr. Rep.*, 446; 14 *Eng. Com. Law Rep.*, 147; 2 *Ibid*, 39; 1 *Saund. Pl. & Ev.*, 34; 3 *Bing.*, 54.)

The plaintiff had a verdict.

Motion, and rule for new trial for misdirection.

*Mr. Bayard,* on the argument of the rule said, that one partner could not maintain an action against another at law, unless there had been an account settled and a balance struck; and that a recovery could not be had on a mere acknowledgment of a balance due. It must be a promise to pay founded on a settlement. (15 *Eng. Com Law Rep.,* 148; 32 *Ib.,* 701, *n.*; 48 *Ib.,* 127, 137; 6 *Mees. & Welsby,* 128.) The basis of recovery in a court of law, is the *settlement;* an adjusted balance; not an inference from an admitted balance. (*Rakestraw* vs. *Imber,* 9 *Com. Law,* 366; 18 *Ib.,* 274; 12 *Johns. Rep.,* 14 *Ib.,* 318, 322.) The reason is, that the relation of debtor and creditor does not exist as between partners, until there is a settlement and adjusted balance. There is a community of interest up to such settlement, which prevents any liability as of debtor and creditor.

*Patterson* and *Bradford,* contra:—There was proof of a settlement between Martin and Solomon, of their partnership business; and of a small balance adjusted: then of an admission by Solomon of a larger balance or sum in his hands, due to Martin. The proof, therefore, was of a settlement and a balance; and of the subsequent admission by one of the partners of a mistake in that settlement, increasing that balance. There was, therefore, in the charge no error in law, and the fact was left to the jury. On the law they contended that the doctrine of an *express* promise being necessary to enable one partner to sue another, was exploded. (*Collier on Part.,* 243; 5 *Mees. & Welsby,* 21; 19 *Maine Rep.,* 212; 12 *Mass. Rep.,* 34; 9 *Ib.,* 538; 3 *Pick. Rep.,* 420, *Fanning* vs. *Chadwick.*)

Rule discharged.

*Patterson* and *Bayard,* for plaintiff.
*Bayard,* for defendant.